## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: **CHRISTOPHER TERRELL BOATMAN, SR.** and **COMEGO YSHUM WALLACE**,<br><br>DEBTORS. | CASE NO. 19-61686-WLH<br><br>CHAPTER 7 |
| **PRISCILLA'S COTTAGE, LLC** and **SHERYL L. DORNBLASER**,<br><br>PLAINTIFFS,<br><br>v.<br><br>**CHRISTOPHER TERRELL BOATMAN, SR.** and **COMEGO YSHUM WALLACE**,<br><br>DEFENDANTS. | ADVERSARY PROCEEDING NO. _____ |

### COMPLAINT BY CREDITORS TO DENY THE DISCHARGE OF DEBTOR

COMES NOW the above-named PLAINTIFFS, by and through the undersigned counsel, and hereby files this Complaint to Deny the Discharge of the Debtor Pursuant to §§ 727(a)(2)(A) and (B) and 727(a)(4)(A) (the "Complaint"). In support of the Complaint, PLAINTIFFS show this Honorable Court as follows:

1. The DEBTORS commenced this case on July 30, 2019 by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, along with completed schedules (the "Petition").

2. This Adversary Proceeding is a core proceeding as defined by 28 U.S.C.§§ 157(b)(2)(J), and is being brought in connection with DEBTORS' case under Chapter 7 of Title 11 of the Bankruptcy Code, case number 19-61686-WLH, now pending in this Court.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

4. Venue is proper in this the Northern District of Georgia pursuant to 28 U.S.C. § 1408, *et. seq.*

**<u>Facts Relevant to All Counts</u>**

5. On July 6, 2018, DEFENDANTS purchased an adult daycare business from PLAINTIFFS.

6. To consummate the business purchase, the parties executed a Memorandum of Sale, Asset Purchase Agreement, Promissory Note, Security Agreement, and Bill of Sale (the "Business Purchase Documents"). DEFENDANTS signed the Business Purchase Documents on behalf of their corporation, Caring and Loving Adult Day Center, Inc., as Christopher Boatman, President and Comego Boatman. The Business Purchase Documents were executed on July 6, 2018.

7. The purchase price recited by the Memorandum of Sale was $99,000.00, paid as $1,500.00 earnest money and a $97,500.00 secured promissory note from purchaser to seller.

8. The Security Agreement grants a security interest in a list of items contained in an exhibit to the Security Agreement as well as the assets "more fully described" by the Bill of Sale, as security for the Promissory Note. The Bill of Sale describes the secured assets as "the personal property and assets located at 1190 McKendree Church Road, Suite 107, Gwinnett County, Lawrenceville, Georgia 30043, and described on the Exhibit attached hereto, along with all other equipment and inventory in the business known as PRISCILLA'S COTTAGE ALZHEIMER'S DAYCARE, including all fixtures, other improvements, and all trade fixtures, furniture, equipment, machinery, inventory, trademarks, trade names, patents, copyrights, customer lists, supplier lists, accounts receivable and other intangible assets, located at said place of business or owned and used by the SELLER in the conduct of said business" (the "Secured Assets").

9. On July 30, 2018 PLAINTIFFS filed a UCC Financing Statement perfecting the security interest in the Secured Assets.

10. As part of the business purchase, PLAINTIFF Sheryl L. Dornblaser executed and filed with the Georgia Department of Community Health an Adult Day Center Application to transfer the license to operate the business from PLAINTIFF Priscilla's Cottage, LLC to Caring and Loving Adult Day Center, Inc (the "License Transfer Application").

11. Upon information and belief, the Georgia Department of Community Health granted the License Transfer Application and permitted Caring and Loving Adult Day Center, Inc. to begin operations in place of Priscilla's Cottage, LLC without going through the normal requirements

to obtain a new license. The license was therefore effectively transferred from PLAINTIFFS to DEFENDANTS' company.

12. Upon information and belief, DEFENDANTS remained the owners and operators of Caring and Loving Adult Day Center, Inc. at the original location of the business at 1190 McKendree Church Road, Suite 107, Gwinnett County, Lawrenceville, Georgia 30043, from July 6, 2018 through the filing date of the Petition.

13. PLAINTIFF Sheryl L. Dornblaser attended the 341 meeting of the creditors in this case, which was held on September 17, 2019. At said meeting, the DEFENDANTS indicated they planned to surrender the Secured Assets to PLAINTIFFS.

14. DEFENDANTS, through counsel, made further representations to PLAINTIFFS on multiple occasions that they intended to surrender the Secured Assets to PLAINTIFFS.

15. DEFENDANTS currently have a substantial outstanding debt to their landlord, 1180 McKendree LLC, for past-due rent at the business location, 1190 McKendree Church Road, Suite 107, Gwinnett County, Lawrenceville, Georgia 30043.

16. On September 6, 2019, 1180 McKendree LLC filed dispossessory proceeding 19-M-30929 in the Magistrate Court of Gwinnett County against DEFENDANTS' business.

17. Said dispossessory proceeding is scheduled for a hearing on October 30, 2019.

18. If the dispossessory proceeding is successful, some or all of the Secured Assets will be lost or destroyed.

19. As of the date of this Complaint, DEFENDANTS have not surrendered any of the Secured Assets to PLAINTIFFS.

20. On September 23, 2019 DEFENDANTS received approval from the city of Snellville to open a church and adult daycare at a new location just a few miles from the original location: Building D, Fountain Square Business Center, 2140 McGee Road, Snellville, GA.

21. Upon information and belief, the DEFENDANTS intend to retain some or all of the Secured Assets and use them for the continued operation of their adult daycare business in the new location.

22. Upon information and belief, the DEFENDANTS intend to allow some or all of the Secured Assets to be lost or destroyed.

23. DEFENDANTS have failed to fully disclose the Secured Assets in the Petition or in any of their subsequent bankruptcy filings.

24. DEFENDANTS have failed to disclose that PLAINTIFFS are secured creditors.

25. In the Petition, the only possible mention of the Secured Assets is listed on line 38 of Schedule A/B, which lists "Tables, Chairs, Cupware, Computers, Printers" at a value of $1,000.00. To the extent that said listing is meant to disclose the Secured Assets, said valuation massively undervalues the Secured Assets, which were purchased for $99,000.00 just one year prior to the filing of the Petition.

26. In the Petition, DEFENDANTS listed their interest in their business as "Caring and Loving" on line 27 of the Statement of Financial Affairs. However, DEFENDANTS failed to disclose the correct operating address of the business at 1190 McKendree Church Road, Suite 107 and instead listed their new proposed business location at 2140 McGee Road, which location could not have been in operation prior to September 23, 2019 when the City of Snellville approved it.

27. In the Petition, DEFENDANTS scheduled their debt to PLAINTIFFS as an unsecured debt on schedule E/F rather than a secured debt on schedule D.

28. In the Petition, DEFENDANTS failed to disclose their debt to 1180 McKendree LLC.

**COUNT I**
**§727(a)(2)(A) and (B)**

29. PLAINTIFFS hereby reallege and incorporate herein by reference the preceding paragraphs in their entirety.

30. DEFENDANTS, with the intent to hinder, delay, or defraud PLAINTIFFS have transferred, removed, destroyed, mutilated, concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor within one (1) year before the Petition date or property of the estate after the Petition date.

31. Upon information and belief, DEFENDANTS acts or failure to act are not justified under all of the circumstances in this case.

32. Based upon the foregoing, PLAINTIFFS are entitled to a judgment denying DEFENDANTS their discharge pursuant to § 727(a)(2)(A) and (B) of the Bankruptcy Code.

**COUNT II**
**§727(a)(4)(A)**

33. PLAINTIFFS hereby reallege and incorporate herein by reference the preceding paragraphs in their entirety.

34. Upon information and belief, DEFENDANTS knowingly and fraudulently in connection with the case made a false oath or account when they signed the Schedules and Statement of Financial Affairs and when they provided false testimony at the Meeting of the Creditors under the penalty of perjury.

35. Upon information and belief, such Schedules and Statement of Financial Affairs were incorrect as referenced herein at the time the Debtor signed them.

36. Based upon the foregoing, PLAINTIFFS are entitled to a judgment denying the DEFENDANTS their discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code.

WHEREFORE, PLAINTIFFS pray as follows:

(a) That pursuant to Count I, this Court issue a judgment denying DEFENDANTS their discharge pursuant to § 727(a)(2)(A) and (B) of the Bankruptcy Code;

(b) That pursuant to Count II, this Court issue a judgment denying DEFENDANTS their discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code;

(c) That this Court issue a judgment ordering the surrender of the Secured Assets to PLAINTIFFS;

(d) That this Court issue a judgment transferring the adult daycare license from Caring and Loving Adult Day Center, Inc. back to PLAINTIFF Priscilla's Cottage, LLC; and

(e) For such other and further relief as this Court deems just and proper.

Dated: October 28, 2019.

Respectfully submitted,

2194 North Road                          /s/ Brandon K. Honsalek
Snellville, GA 30078                      Brandon K. Honsalek
Phone: 404-913-6992                       Georgia Bar No. 742962
Email: brandon@honsalek.com               *Attorney for Plaintiffs*